# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSUE DAVILA,

     Plaintiff,

vs.

CROSS RIVER BANK and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

     Defendants.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Josue Davila ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Cross River Bank ("CRB") and Defendant Experian Information Solutions, Inc. ("Experian") (collectively "Defendants") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, punitive damages, and attorneys' fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2. Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to open an account with Defendant CRB in Plaintiff's name and without his knowledge or

consent. The account begins in account number #1BEE6L6********* and was purportedly opened in April 2025 (the "Account").

3. Plaintiff is a "consumer," Defendant CRB is a furnisher of information, and Defendant Experian is a "consumer reporting agency" as those terms are defined or used by the FCRA.

4. As set forth below, Defendant CRB reported the inaccurate Account to one or more of the credit bureaus – Experian, TransUnion, and Equifax (collectively the "CRAs") – under Plaintiff's name and to be included on his credit reports. Defendant CRB then failed to conduct reasonable investigations of Plaintiff's credit reporting dispute(s) with one of the CRAs, Defendant Experian, and wrongfully verified the fraudulent and inaccurate Account as accurate to Defendant Experian. Defendant CRB's actions, or inactions, violated the FCRA.

5. Defendant Experian, for its part, received Plaintiff's dispute(s) of the Account and failed to follow reasonable procedures in its investigation of the dispute.

6. As set forth below, Plaintiff suffered concrete harm because of Defendants' violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

7. At all times material to this action, Plaintiff was a resident of the State of Florida and this judicial District.

2

8. At all times material to this action, Defendant CRB was a state-charted bank with its headquarters in Fort Lee, New Jersey.

9. Defendant CRB may be served with a copy of this Complaint and accompanying Summons at its headquarters located at 2115 Linwood Avenue, Suite 100, Fort Lee, NJ 07024.

10. At all times material to this action, Defendant Experian was a foreign for-profit corporation which has a principal place of business in the State of California.

11. Defendant Experian may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

12. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

13. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

14. Defendants do business in this District and Division and are subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

15. Plaintiff lives and works in this District. He did not open the Account. He did not authorize anyone to open the Account in his name. He does not know

who opened the Account. He has not benefited from the Account. He is not liable for the subject Account in any way whatsoever as it is the result of fraud.

16.    Defendant CRB reported the Account to one or more of the credit bureaus ("CRAs") to be included on Plaintiff's credit files with the CRAs, including Defendant Experian. Experian included the Account on Plaintiff's credit file. The Account's existence is the result of fraud and is not accurate.

17.    Within the two years preceding the filing of this Complaint, when Plaintiff learned that Defendant CRB was reporting the Account on his Experian credit report, he made at least one dispute with Defendant Experian and advised Experian that the Account was fraudulent and not his.

18.    Plaintiff obtained a police report wherein he reported the Account to be the result of identity theft. He provided the police report to Defendant Experian with one or more of his disputes.

19.    Upon information and belief, Experian conveyed Plaintiff's dispute(s) to Defendant CRB and Defendant CRB received such disputes from Experian. Defendant CRB did not direct Experian to delete the Account from Plaintiff's credit files as a result of Plaintiff's disputes with Experian that were conveyed to Defendant CRB. Defendant CRB advised Experian that the Account was accurate and to continue to report it on Plaintiff's Experian credit report. Defendants' investigations of such disputes were unreasonable.

4

20. Upon information and belief, Defendant Experian received Plaintiff's dispute and supporting documentation but did not undertake any investigation other than to contact Defendant CRB. Defendant's investigation was not reasonable.

21. Defendants violated the FCRA in their handling of Plaintiff's disputes.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of harm to his personal and credit reputation from Defendants' reporting of the Account; denial of credit for an American Express credit card; harm to his credit score attributable to the Account; emotional distress from knowing that a large bank was pursuing him for a debt he did not owe and that Experian was including the Account on his credit file; humiliation from being denied credit based an account he had not opened or had any knowledge of; anger at being accused of owning an account he did not open; stress from having an inaccurate credit report; loss of sleep; and the time and effort to review his credit reports and make dispute(s) with Experian concerning the Account.

23. Defendants' conduct was willful, reckless, and grossly negligent.

### COUNT ONE:
### Defendant CRB's Violations of the FCRA

24. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

25. At all times relevant hereto, Defendant CRB was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

26.    At all times relevant hereto, Defendant CRB was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

27.    Defendant CRB violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b). Defendant CRB did not undertake reasonable investigations of Plaintiff's disputes with Experian concerning the Account and did not consider all relevant information provided with such disputes.

28.    Defendant CRB's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 22 above and, as a result, Defendant CRB is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT ONE:
### Defendant Experian's Violations of the FCRA

29.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

30.    At all times relevant hereto, Defendant Experian was a consumer reporting agency under the FCRA.

31.    Defendant Experian violated Section 1681i(a) of the FCRA when it failed to properly and reasonably investigate Plaintiff's dispute(s) of the Account.

32.     Defendant Experian is liable to Plaintiff under Sections 1681n and 1681o of the FCRA for its reckless and negligent violations of the FCRA. Defendant Experian did not undertake reasonable investigations of Plaintiff's disputes with it concerning the Account and did not consider all relevant information provided with such dispute(s).    Defendant Experian did not block the disputed Account upon receipt of a valid identity theft report from Plaintiff.

33.     Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 22 above and, as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendants for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

7

Dated: July 23, 2026.                          Respectfully submitted,

                                               */s/ Seth M. Lehrman*
                                               Seth M. Lehrman
                                               Florida Bar No.: 132896
                                               E-mail: seth@lehrmanlaw.com
                                               **LEHRMAN LAW**
                                               622 Banyan Trail, Suite 200
                                               Boca Raton, Florida 33431
                                               Telephone: 754-778-9660

                                               *Counsel for Plaintiff*


                                               John A. Love
                                               Florida Bar No.: 67224
                                               E-mail: tlove@loveconsumerlaw.com
                                               **LOVE CONSUMER LAW**
                                               2500 Northwinds Parkway, Suite 330
                                               Alpharetta, GA  30009
                                               Telephone: 404-855-3600
                                               Facsimile: 404-301-2300

                                               *Lead Counsel for Plaintiff*