UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSUE DAVILA,

Plaintiff,

v. Case No.: 6:26-cv-01599-CEM-NWH

CROSS RIVER BANK, EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants,
______________________________/

**ORDER**

This matter is before the Court on a Motion for Entry of Clerk's Default against Defendant Cross River Bank ("CRB"), filed by Plaintiff Josue Davila (Doc. 19, the "Motion"). The Motion and Return of Service (Doc. 9) indicate that CRB was served at its principal office in New Jersey on June 30, 2026, by hand delivery to a person identified only as "Brule" who gave his title as "Security." (Doc. 19 at 2). Aside from his physical description, no other details are provided regarding this person, his authority to accept service on behalf of CRB, or the circumstances under which he was served.

**LEGAL STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no

obligation to answer or "otherwise defend." *Id.*; *see Kelly v. Florida*, 233 F. App'x 883, 884–85 (11th Cir. 2007) (unpublished).

The Federal Rules of Civil Procedure provide that a corporate defendant may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

**ANALYSIS**

Plaintiff argues that service on "Brule" is appropriate under both Rules 4(h)(1)(A) (and by extension New Jersey law) and 4(h)(1)(B). New Jersey Court Rule 4:4-4(a)(6) authorizes service on a corporation by, *inter alia*, delivering a copy of the summons and complaint to "a person at the registered office of the corporation in charge thereof." N.J. Ct. R. 4:4-4(a)(6). "Brule," presumably a security guard, satisfies this section according to Plaintiff because he was "then posted at, and in charge of, the point of receipt for that office, the person to whom Cross River itself assigns the task of receiving persons and deliveries at its headquarters." (Doc. 19 at 5). There appear to be no facts on the record, by declaration or otherwise, that support this assertion. The return of service indicates only that the person served gave his name as "Brule,"

refused to give his last name, and said only that his title was "security." (Doc. 9). The process server checked a box on a service form indicating that service was left with "a person authorized to accept service" but there is nothing in the record supporting that conclusion. Plaintiff further opines, without authority, that "Rule 4:4-4(a)(6) does not require that the "person . . . in charge thereof" hold any particular corporate title; it requires that the process be left at the corporation's office with the person in charge there, which is precisely what the sworn return reflects." (Doc. 19 at 5). That proposition may be correct, but the Court was unable to locate any such authority in New Jersey (or otherwise), and Plaintiff cites to nothing.

Plaintiff also argues that service was independently appropriate under Fed. R. Civ. P. 4(h)(1)(B) because "[a] security officer stationed at the entrance to a bank's headquarters suite, whose function is to receive and route persons and deliveries arriving at that office, plainly satisfies that standard." (Doc. 19 at 5-6) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). The *Direct Mail* case involved a receptionist who was the only employee present at the company's small office. Under those facts, the court reasoned that "service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* at 688 (citation omitted). There are simply no facts here to support such a finding with respect to "Brule." *See Zond, LLC v. Fujitsu Semiconductor Ltd.,* 53 F. Supp. 3d 394, 397 (D. Mass. 2014). In the absence of any

additional facts or authority, the Court cannot conclude that service was appropriate. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Entry of Clerk's Default (Doc. 19) is **DENIED without prejudice**. If Plaintiff seeks additional time to effect service, he can file an appropriate motion.

**DONE and ORDERED** in Orlando, Florida, September 4, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE